IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN S. GAMBLE,                        6:13-CV-01119-BR

       Plaintiff,                          OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

       Defendant.


RICHARD F. MCGINTY
McGinty & Belcher, Attorneys
P.O. Box 12806
Salem, OR 97301

       Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

DAVID MORADO
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

      Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Kathleen S. Gamble seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

      Plaintiff protectively filed her applications for DIB and SSI on January 8, 2008, and alleged a disability onset date of

2 - OPINION AND ORDER

July 10, 2006. Tr. 196, 200.[1] The applications were denied initially and on reconsideration. Tr. 84, 89, 94, 98. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). Tr. 101. A hearing was held on April 15, 2011, and a supplemental hearing was held on September 22, 2011. Tr. 34-78, 1105-47. At the hearings the ALJ took testimony from Plaintiff; Kay Craig Ferguson, Plaintiff's mother; two vocational experts (VE); and two medical experts. Tr. 38-78, 1108-37. Plaintiff was represented by an attorney at the hearings. Tr. 1105. In a decision dated October 19, 2011, the ALJ found Plaintiff is not disabled. Tr. 26. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on May 15, 2013, when the Appeals Council denied Plaintiff's subsequent request for review.

## BACKGROUND

Plaintiff was born in 1969 and was insured for DIB through December 31, 2007. Tr. 12, 196, 202. Plaintiff speaks English, completed three years of college, and was a younger individual

---

[1] Citations to the official transcript of record filed by the Commissioner on December 3, 2013, and March 27, 2014, are referred to as "Tr."

3 - OPINION AND ORDER

on the date last insured. Tr. 227. Plaintiff has past relevant work experience as a warranty service clerk, veterinary technician, emergency medical technician, bookkeeper, sales person, general office clerk, and administrative clerk. Tr. 348. She alleges disability due to neuropathy, fibromyalgia, hearing loss, asthma, shingles, back problems, and anxiety. Tr. 222.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of

5 - OPINION AND ORDER

the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known

as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). See also Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). See also Keyser, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). See also Keyser, 648 F.3d at 724-25. Here

7 - OPINION AND ORDER

the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. Lockwood v. Comm'r Soc. Sec. Admin., 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff met the insured status requirements through her date last insured of December 31, 2007. Tr. 12.

At Step Two the ALJ found Plaintiff has the following severe impairments: fibromyalgia, obesity, depression, post-traumatic stress disorder (PTSD) or anxiety, osteoarthritis of the left knee, post-herpetic neuralgia, and migraine headaches. Tr. 13.

At Step Three the ALJ concluded Plaintiff's impairments do not medically equal the criteria for Listed Impairments under

§§ 416.920(d), 416.925, and 416.926 of 20 C.F.R. part 404, subpart P, appendix 1. Tr. 13-14. The ALJ found Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations: She can stand and walk for only about three hours out of an eight-hour workday; she can sit for eight hours out of an eight-hour workday with normal breaks, but she requires a sit or stand option while remaining on task; she can lift or carry up to twenty pounds occasionally and ten pounds frequently; she can occasionally climb, balance, stoop, kneel, crouch, and crawl; she should not be exposed to operational control of moving machinery and unprotected heights or hazardous machinery; she is capable of simple, routine, and repetitive tasks with no greater than reasoning level number 2; and she should not have any public interaction and no greater than occasional interaction with coworkers as part of her job duties. Tr. 15-16.

At Step Four the ALJ concluded Plaintiff is incapable of performing any of her past relevant work. Tr. 25.

At Step Five the ALJ concluded Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including toy stuffer, final assembler, and

eyeglass polisher. Tr. 25-26. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 26.

## DISCUSSION

Plaintiff contends the ALJ erred when he improperly evaluated the medical evidence. For the reasons discussed below, the Court finds the ALJ provided legally sufficient reasons supported by substantial evidence in the record for his decision.

### I.   Medical Evidence

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of treating, examining, and nonexamining physicians. The opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a nonexamining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). In contrast,

10 - OPINION AND ORDER

if the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). An ALJ may also discount a medical source's opinion that is inconsistent with the source's other findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). It is legal error to ignore an examining physician's medical opinion without providing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ effectively rejects a medical opinion when he ignores it. *Id.*

### 1. Jill Spendal, Psy.D.

Plaintiff contends the ALJ improperly rejected the medical opinion of Jill Spendal, Psy.D., consultative examining psychologist.

Dr. Spendal performed a cognitive and psychological evaluation of Plaintiff on November 24, 2008. Tr. 20-21,

11 - OPINION AND ORDER

854-66. Dr. Spendal diagnosed Plaintiff with pain disorder associated with both psychological factors and general medical conditions (fibromyalgia and postherpetic neuralgia); dysthymic disorder; major depressive disorder; PTSD; pain disorder without agoraphobia; and rule out somatization disorder). Tr. 864. Dr. Spendal also assessed Plaintiff with a GAF score of 55[2] and concluded Plaintiff "is not in a place to be competitive in the workforce" due to a "combination of . . . physical pain, falling down, depression, and panic." Tr. 865. She opined Plaintiff "would have difficulty maintaining appropriate relationships with her peers" and "her auditory attention and memory weaknesses would cause her difficulty in learning a new job or doing a previously learned job without a high level of errors." Tr. 865.

The ALJ need not accept a medical opinion if that opinion is inconsistent with other substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004). *See also*

---

[2] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100. A GAF of 41-50 indicates serious symptoms (suicidal ideation, severe obsessional rituals frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., few friends, unable to keep a job). *Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000).

12 - OPINION AND ORDER

20 C.F.R. §§ 04.1527(d)(2), 416.927(d)(2); SSR 96-2p. Moreover, an ALJ may discount the disability opinions of physicians if those opinions are unsupported by clinical findings. *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999). When the ALJ has provided specific, legitimate reasons supported by the record for rejecting a physician's opinion, the ALJ's decision must be upheld even if there are alternative, reasonable interpretations of the evidence. *See Tommasetti*, 533 F.3d 1038.

Here the ALJ gave Dr. Spendal's opinion little weight on the grounds that Dr. Spendal's opinion was inconsistent with other medical evidence in the record and Dr. Spendal's opinion was based in part on a case history provided by Plaintiff. Tr. 20. The ALJ found Dr. Spendal's opinion was inconsistent with her own treatment notes and with other treatment notes from the same period. Those notes show Plaintiff exhibited a bright affect, improvement in PTSD symptoms, and a normal mental-status examination, and, therefore, they arguably contradict Dr. Spendal's opinion. *See* Tr. 20. For example, consultative physician Robert Henry, Ph.D., opined in September 2008 that Plaintiff was capable of maintaining attention to simple, routine tasks and instructions and had, at most, moderate limitations in areas of mental functioning. Tr. 573-76.

13 - OPINION AND ORDER

Richard Barnes, M.D., assessed Plaintiff's GAF score at 70 indicating only mild symptoms or some difficulty in functioning. Tr. 464-65, 467.  In 2007 Dr. Barnes noted Plaintiff's mood was "excellent," and her mood was observed elsewhere in other notes to be "cheerful and bright."  Tr. 379, 406, 412, 464, 467.  In 2009 Yara Delgado, M.D., noted Plaintiff's PTSD was improving with counseling and group therapy.  Tr. 830.  Moreover, Dr. Spendal reported Plaintiff had average intelligence and little cognitive impairment.  Tr. 861-64.  Thus, Dr. Spendal's own observations of Plaintiff reflect moderate limitations and symptoms that the ALJ found to be inconsistent with a finding of disability.  Although Plaintiff points to several treatment notes from late 2008 that appear to support Dr. Spendal's conclusions, the ALJ's decision was rational and, therefore, must be upheld because the ALJ provided specific, legitimate reasons to support his grounds for rejecting Dr. Spendal's opinion.

The ALJ also found Dr. Spendal's opinion was based in part on a case history provided by Plaintiff. Tr. 20.  When the ALJ properly determines a claimant's description of her limitations is not entirely credible, it is reasonable to discount a physician's opinion that is based on those less-than-credible

14 - OPINION AND ORDER

statements. *Bray v, Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009). Here the ALJ found Plaintiff's testimony was not credible, and Plaintiff does not contest that finding. Tr. 16-17. Moreover, because Dr. Spendal's mental-status examination was based in part on Plaintiff's subjective reporting of symptoms and limitations, the ALJ, in effect, provided an additional specific, legitimate reason for rejecting her opinion. *See Bray*, 554 F.3d at 1228.

Based on this record the Court finds the ALJ provided specific, legitimate reasons supported by evidence in the record for rejecting Dr. Spendal's conclusions that Plaintiff's impairments were so severe as to render her disabled.

### 2. Irving Kushner, M.D.

Plaintiff contends the ALJ improperly rejected the opinion of medical expert Irving Kushner, M.D. Dr. Kushner testified at Plaintiff's supplementary hearing. Tr. 14, 1126-35. He opined Plaintiff suffered from fibromyalgia, hypothyroidism, post-herpetic neuralgia, depression, osteoarthritis, PTSD, difficulty hearing, gastroesophageal reflux disease, asthma, and low levels of vitamin D. Tr. 1127. Dr. Kushner also noted there were not any objective findings to support a diagnosis of fibromyalgia. Tr. 1129. He testified Plaintiff had functional limitations

15 - OPINION AND ORDER

related to ambulation and that she "quite possibly" meets or equals Listing 1.02A (major dysfunction of a joint) due to a knee condition. Tr. 1133-35. Dr. Kushner qualified his testimony by disclaiming that his area of expertise was rheumatology. Tr. 14, 1128.

The ALJ considered Dr. Kushner's opinion and gave "no weight" to Dr. Kushner's suggestion that Plaintiff "possibly" meets or equals Listing 1.02A. Tr. 14. The ALJ found there was very little objective evidence in the record to support Plaintiff's knee impairment; *i.e.*, to substantiate Dr. Kushner's suggestion. *See* Tr. 383-84, 396, 498, 589, 724, 730, 733. In addition, Dr. Kushner's own testimony arguably suggests there is little objective evidence to support Plaintiff's alleged ambulation problems. Tr. 14, 1133, 1135.

The Court finds the ALJ did not err when he rejected Dr. Kushner's opinion because his opinion regarding Plaintiff meeting Listing 1.02A was equivocal and unsubstantiated in the record as a whole. *See Morgan v. Comm'r*, 169 F.3d 595, 601 (9th Cir. 1999)(a physician's opinion regarding a claimant's level of impairment may be rejected because it is unreasonable in light of other evidence in the record).

### 3. Maria Armstrong-Murphy, M.D.

Finally, Plaintiff contends the ALJ erred in his evaluation of the opinion of consultative examining physician Maria Armstrong-Murphy, M.D., who also testified at the supplemental hearing. Tr. 18-19. Dr. Armstrong-Murphy performed a comprehensive neurological evaluation of Plaintiff on May 24, 2011. Tr. 22, 1088-92. Dr. Armstrong-Murphy also completed a statement regarding Plaintiff's physical abilities to do work-related activities. Tr. 1093-1100. She opined there were "no objective findings to warrant use of an assistive device" and noted Plaintiff had a normal tandem walk with only some ataxia and loss of balance. Tr. 1090-91. Dr. Armstrong-Murphy also inferred it was "likely" that Plaintiff had a "fall and loss of balance" at some time before the report date because she had been prescribed a cane and service dog. Tr. 19, 1091. Dr. Armstrong-Murphy concluded Plaintiff was capable of standing and walking for 20 minutes at a time with a cane, lifting up to 20 pounds, handling objects, and traveling. Tr. 19, 1091. She also stated Plaintiff requires the use of a cane to ambulate. Tr. 1094.

17 - OPINION AND ORDER

The ALJ gave "significant weight" to Dr. Armstrong-Murphy's opinion, but the ALJ rejected Dr. Armstrong-Murphy's conjecture that Plaintiff had a "fall or loss of balance" as "pure speculation." Tr. 18-19. Plaintiff contends Dr. Armstrong-Murphy misunderstood the Social Security regulations, because she failed to recognize that objective findings "include signs and laboratory testing." Plaintiff alleges the ALJ, therefore, erred when he accepted Dr. Armstrong-Murphy's testimony. Pl.'s Br. 19. Plaintiff, however, does not explain how the alleged misunderstanding caused specific legal error. The Court, thus, rejects this argument.

Plaintiff next argues the ALJ improperly rejected portions of Dr. Armstrong-Murphy's opinion, including Dr. Armstrong-Murphy's limitations on her ability to walk and carry small objects, and her suggestion that Plaintiff use an assistive device for ambulation. Pl.'s Br. 20. The Court disagrees.

The ALJ provided legally sufficient reasons for rejecting portions of Dr. Armstrong-Murphy's opinion. Dr. Armstrong-Murphy's own findings contradict her opinion that Plaintiff has limitations on walking and carrying small objects. See Tr. 1090-91. When a physician's opinion is inconsistent with her own treatment notes, the ALJ may properly discount that

18 - OPINION AND ORDER

opinion. *Bayliss*, 427 F.3d at 1216. Here Dr. Armstrong-Murphy's evaluation revealed Plaintiff walked without a cane and that there were not any objective findings that warranted use of an assistive device. Tr. 1090-91. She also opined Plaintiff was capable of handling objects. Tr. 1090. On this record, therefore, the ALJ did not err when he rejected any limitations on Plaintiff as to ambulation and handling of objects because those limitations conflicted with Dr. Armstrong-Murphy's own treatment notes. Tr. 15-16. *See also Bayliss*, 427 F.3d at 1216.

In any event, the ALJ's finding that Plaintiff could perform sedentary work is consistent with the credible limitations assessed by Dr. Armstrong-Murphy. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir.2008)(an ALJ's RFC need only incorporate credible limitations supported by substantial evidence in the record). *See also Osenbrock v. Apfel*, 240 F.3d 1157, 1164-1166 (9th Cir. 2001)(holding restrictions not supported by substantial evidence may freely be accepted or rejected by the ALJ). The Court, therefore, concludes the ALJ did not err when he evaluated Dr. Armstrong-Murphy's opinion.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 8th day of September, 2014.

_____
ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER